UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

CHRISTOPHER SILVA,

       Plaintiff,

v.

FLORIDA EYE MICROSURGICAL
INSTITUTE, INC.,
and ROBERT L. PEER, individually,

       Defendants.

_____/

## **COMPLAINT**

Plaintiff, CHRISTOPHER SILVA, by and through undersigned counsel, hereby sues Defendants, FLORIDA EYE MICROSURGICAL INSTITUTE, INC. and ROBERT L. PEER, on the grounds set forth herein.

### Introduction

1. This is an action by Plaintiff, CHRISTOPHER SILVA under the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"); and the Florida Civil Rights Act of 1992 (FCRA), Florida Statutes Section 760, to redress the injury done to Plaintiff by the Defendant's discriminatory and retaliatory treatment based on his Sex.

### Jurisdiction And Venue

2. This is an action for damages brought in excess of $75,000.00, exclusive of interest, Attorney's fees, and costs.

3. This action is authorized and instituted pursuant to The Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"); and the Florida Civil Rights Act of 1992 (FCRA), Florida Statutes Section 760.

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343. Additionally, Plaintiff invokes this Court's supplemental and pendant jurisdiction over Plaintiff's state law claims because they arise out of the same nucleus of operative facts as the federal Case and pursuant to 28 U.S.C. §§1332 and 1367.

5. The venue of this action is properly placed in the Southern District of Florida, West Palm Beach Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful were committed in Palm Beach County, within the jurisdiction of this Honorable Court.

<u>Parties</u>

6. Plaintiff CHRISTOPHER SILVA is a resident of Palm Beach County, Florida, who was employed by Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC. and is a member of certain protected classes of persons.

7. Corporate Defendant, FLORIDA EYE MICROSURGICAL INSTITUTE, INC. (hereinafter, FEMI, or Defendant) is a Florida Corporation conducting business in Palm Beach County, State of Florida, within this Court's jurisdiction.

8. Individual Defendant, ROBERT L. PEER (hereinafter, PEER, or Defendant), was and/or is, an employee and agent of corporate Defendant FEMI and was at all times during the relevant time period, Plaintiff's supervisor.

9. At all relevant times, Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC. has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e (b), (g), and (h).

10. At all relevant times, Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC. has continuously done business in the state of Florida and employed 15 or more employees.

<u>Procedural Requirements</u>

11. All conditions precedent to this action have been fulfilled. On or about August 31st, 2022, Plaintiff, CHRISTOPHER SILVA, dual-filed his Charge of Discrimination with the EEOC and also with the Florida Commission on Human Relations within 300 days of the alleged violation. On or about April 24th, 2024, upon Plaintiff's request, the U.S. Equal Employment Opportunity Commission issued a "Dismissal and Notice of Rights" with respect to such Charge of Discrimination. Such Notice was received by Plaintiff on or about April 27th, 2024. Consequently, the present Complaint is being filed within 90 days of the date on which Plaintiff received the Dismissal and Notice of Rights, as allowed by law. ***See composite Exhibit "A."***

12. All conditions precedent for the filing of this action before this Court have either been previously met or excused, including the exhaustion of all pertinent administrative procedures and remedies.

<u>Statement Of Facts</u>

13. Plaintiff CHRISTOPHER SILVA is a male, resident of Palm Beach County, Florida, who was employed by Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC., and he is a member of certain protected classes of persons because of his Sex and his participation in protected activities under Federal and State law.

14. Defendant FEMI is a vision care center offering and providing vision care related services across south Florida.  Defendant FEMI has 4 locations, and has facilities located at 1717 Woolbright Road, Boynton Beach, Florida, 33426, where Plaintiff worked.

15. Defendant FEMI employed Plaintiff, CHRISTOPHER SILVA, as a full-time Perioperative Assistant from approximately April 11th, 2022, to June 6th, 2022, or approximately 2 months.

16. Plaintiff was paid an hourly rate of $18.00 per hour, and worked at least 40 hours or more per week, receiving payment of approximately $720.00 per week.

17. Throughout his employment at FEMI, Plaintiff performed his duties in exemplary fashion. Plaintiff possessed all the required skills, training, and qualifications for the job in question and performed his duties without significant issue or controversy.

18. However, during his time of employment with FEMI, Plaintiff suffered sex discrimination in the form of sexual harassment, sexual assault and battery, and a hostile work environment. After Plaintiff complained about the sexual assault and hostile work environment, he also suffered retaliation, finally losing his employment.

19. The discrimination and sexual harassment were perpetrated by individual Defendant, ROBERT L. PEER, an employee and agent of FEMI, who was Plaintiff's supervisor.

20. On or about Tuesday, May 17th, 2022, while performing his duties at work, Defendant ROBERT L. PEER approached Plaintiff, and without warning, committed a sexual assault and battery upon Plaintiff by grabbing Plaintiff's genitals.  Plaintiff was in shock and left speechless.

21. Defendant ROBERT L. PEER, within the scope of his employment, and as Plaintiff's direct supervisor, ordered Plaintiff to follow him.  Still in shock and disbelief, and still trying to get

a grasp of the situation, Plaintiff followed supervisor PEER's orders, assuming that Defendant PEER's orders were work related.

22. Defendant ROBERT L. PEER then proceeded to grab Plaintiff, and against his will, forced Plaintiff into a bathroom at Defendant FEMI's facilities and proceeded to forcefully rape Plaintiff.

23. Petrified and in shock, Plaintiff begged and pleaded for Defendant, ROBERT L. PEER, to stop. Nevertheless, Defendant ROBERT L. PEER continued his attack upon Plaintiff and only stopped the assault once he realized that Plaintiff was bleeding.

24. Humiliated, physically injured, and in shock, Plaintiff attempted to compose himself and worked up the courage and strength to report the attack to his manager Denesha Burns. Feeling ashamed, Plaintiff explained to Manager Denesha Burns that something horrible had happened and that he needed to leave immediately. Manager Denesha Burns allowed Plaintiff to go home and instructed Plaintiff to call her when Plaintiff felt ready.

25. Three days later, on Friday May 20th, 2022, Plaintiff complained and reported the incident to Manager Denesha Burns via telephone. Plaintiff reported in detail his account of the rape and was then asked by Manager Denesha Burns to go to FEMI's office to provide a written statement, which Plaintiff did. Manager Denesha Burns then advised Plaintiff that the incident was more serious than she expected and advised Plaintiff that she would have to report it to Human Resources. Manager Denesha Burns then instructed Plaintiff to take the day off and to wait for Human Resources (HR) to contact him.

26. This Complaint constituted statutorily protected activity under Title VII as well as under the Florida Civil Rights Act ("FCRA").

27. Later that same day, after Plaintiff had effectively engaged in statutorily protected activity, HR contacted Plaintiff and instructed Plaintiff to "stay home until further notice".

28. The following day, on or about May 21, 2022, HR contacted Plaintiff once again and once again instructed Plaintiff not to go back to work "until further notice".  After that, Plaintiff was contacted by HR several times and was advised that they were investigating his claims and to stay home.

29. On or about May 29, 2022, Plaintiff was contacted by HR and advised that he could go back to work on Wednesday, June 1st, 2022.

30. Plaintiff was not paid for all the time he was instructed to "stay home until further notice".  Moreover, to Plaintiff's dismay, Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC. did not take any remedial action and allowed Defendant ROBERT L. PEER to continue working as Plaintiff's supervisor.

31. On Wednesday, June 1st, 2022, Plaintiff returned to work and was shocked and in disbelief when he found out that his attacker, Defendant ROBERT L. PEER, continued to be employed by Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC. and that no remedial action had been taken by his employer to protect him and/or rectify the situation.

32. For the next few days Plaintiff worked in fear, terrified and with great anxiety due to the fact that Defendant ROBERT L. PEER continued his employment with FLORIDA EYE MICROSURGICAL INSTITUTE, INC., and continued to be Plaintiff's supervisor.  Whenever Plaintiff heard Defendant PEER's voice, Plaintiff became petrified and was not able to function due to the magnitude of this stressful situation.  Plaintiff was embarrassed, humiliated and felt very unsafe working in that environment.

33. On Monday, June 6th, 2022, due to the reckless indifference to his dignity as well as to his safety and well being, Plaintiff once again engaged in statutorily protected activity by complaining to manager Denesha Burns about the rape, the hostile work environment created by the employer, and the inaction on behalf of the company. Plaintiff was traumatized and could no longer continue working under those conditions.

34. These complaints constituted protected activity under Title VII and under Chapter 760 of the Florida Human Rights Act.

35. The harassment of Plaintiff caused by the Defendant's failure to take prompt remedial measures, and the harassment of Plaintiff by his supervisor, was sufficiently severe and pervasive to alter and affect Plaintiff's terms and conditions of employment by creating a hostile work environment. Plaintiff perceived his work environment to be sexually abusive, dangerous and hostile. Plaintiff believed that his continued employment was subjected to his submission to the sexual advances of Defendant ROBERT L. PEER. His harasser was his supervisor and an agent of the business, and there were no boundaries for him as per FEMI's policy, which condoned and allowed the unlawful conduct in question.

36. Plaintiff felt intimidated and coerced. Plaintiff also felt afraid and uneasy at work. He was forced to interact with the harasser and perpetrator, and lived in constant anxiety hoping he did not have to interact with the perpetrator any longer. Plaintiff's fear of staying alone with his attacker interfered with Plaintiff's work performance and Plaintiff was no longer able to work due to the hostile work environment created by the Defendants.

37. Thus, on or about Monday, June 6th, 2022, Plaintiff was effectively terminated, and constructively discharged, by the Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC.

38. This adverse employment action came just in temporal proximity to Plaintiff-protected activity.

39. After Plaintiff's complaints of rape, hostile work environment and retaliation, Defendant did not open an investigation. They did not sanction the harasser. Instead, Defendant punished Plaintiff by effectively terminating his employment by constructively discharging him.

40. As set forth above, Plaintiff's employment was effectively terminated by Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC. on or about June 6th, 2022, and Plaintiff's termination was directly and proximately caused by Defendant's unjustified discrimination and retaliation against Plaintiff because of his complaints of unlawful discrimination and sexual assault and battery in violation of Federal and State Law.

41. Defendant knew of the sexual assault and battery and hostile work environment suffered by Plaintiff because Plaintiff complained about the rape and the hostile work environment.

42. Defendant failed to take prompt and effective remedial action, reasonably calculated to end the harassment and retaliation. The inaction of Defendant favored and perpetuated unlawful discrimination and unlawful conduct sexual in nature.

43. Defendant's failures included but were not limited to conducting an adequate investigation in response to the complaints; failing to adequately discipline and separate the harasser; failing to follow complaint procedures and take sexual harassment complaints seriously; and failure to discourage other employees from engaging in discriminatory and unlawful conduct.

44. The effect of the practices described above has been to deprive Plaintiff of equal employment opportunities and otherwise affect his status as an employee because of his engagement in protected activities in opposition to unlawful discriminatory practices.

45. The unlawful practices described above were intentional and caused Plaintiff to suffer great emotional distress.

46. Plaintiff CHRISTOPHER SILVA has suffered double damage and will continue to suffer both irreparable injury and damages because of Defendant's discriminatory practices unless and until this Court grants relief.

**COUNT I:**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHT ACT OF 1964:**
**DISCRIMINATION BASED ON SEX**

47. Plaintiff LIZBETH SPARKS re-adopts every factual allegation stated in paragraphs 1-46 above as if set out in full herein.

48. At all times material hereto, the Employer/Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC. failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to:  (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's Race, Color, Religion, Sex, or National Origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

49. The discrimination of Plaintiff CHRISTOPHER SILVA was perpetrated by Defendant ROBERT L. PEER, who was an agent and supervisor for the Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC., and it was allowed by Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC.  The acts and omissions alleged herein were caused by Defendants being aware of Plaintiff's Sex.

50. Defendant's decision to discriminate against Plaintiff ROBERT L. PEER was because of Plaintiff's Sex.

51. At all relevant times aforementioned, including the time of discrimination, Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC. was aware that Plaintiff CHRISTOPHER SILVA was a male.

52. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

53. Plaintiff was qualified for the position apart from his apparent Sex.

54. Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

55. The failure of Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC. to adhere to the mandates of the Act was willful, and its violations of the provisions of the Act were willful.

56. Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC., through its practices and policies as an employer, willfully and with malicious or reckless disregard for Plaintiff's federally protected rights, discriminated against Plaintiff CHRISTOPHER SILVA on account of his Sex in violation of the Act concerning its decision to treat Plaintiff different from other employees.

57. Plaintiff CHRISTOPHER SILVA was wrongfully terminated by Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC., and Plaintiff's termination from employment was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because of Plaintiff's Sex.

58. As a direct and proximate result of Defendant's intentional conduct, Plaintiff suffered physical injury, serious economic losses as well as mental pain and suffering.

59. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC. is a mere pretext for the actual grounds for the termination from employment, Plaintiff's Sex, and complaints related to the unlawful acts of discrimination, hostile work environment and sexual harassment.

60. Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC. is subjected to vicarious liability for the actions of its supervisors, employees and its own agents because it failed to take adequate remedial measures to halt the discrimination, harassment, hostile work environment, and retaliation to which Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, hostile work environment, and retaliation was occurring.

61. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting a person from discrimination due to Sex. Discrimination based on Sex constitutes unlawful discrimination.

62. Plaintiff has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>Prayer For Relief</u>

Wherefore, Plaintiff CHRISTOPHER SILVA respectfully requests that this Court order the following:

A. Grant a permanent injunction enjoining Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC., its officers, successors, assigns, and all persons in active concert or participation with it from engaging in any employment practice which discriminates based on Sex;

B.  Reinstate Plaintiff CHRISTOPHER SILVA to the same position he held before the retaliatory personnel action or to an equivalent position;

C.  Reinstate full fringe benefits and seniority rights to Plaintiff CHRISTOPHER SILVA;

D.  Order Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC. to make Plaintiff CHRISTOPHER SILVA whole by compensating Plaintiff for lost wages and benefits, including front pay, back pay with prejudgment interest, and other remuneration for mental pain, anguish, pain, and humiliation resulting from the employment discrimination suffered;

E.  Award a money judgment representing prejudgment interest;

F.  Award any other compensation allowed by law, including punitive damages;

G.  Award attorney's fees and costs.

<u>Demand for a Jury Trial</u>

Plaintiff CHRISTOPHER SILVA demands a trial by jury on all issues triable as of right by a jury.

**COUNT II:**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964:**
**RETALIATION**

63.  Plaintiff LIZBETH SPARKS re-adopts every factual allegation as stated in paragraphs 1-46 above as if set out in full herein.

64.  At all times material hereto, the Employer/Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC. failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], Section 704(a), which makes it unlawful for an employer to retaliate against an individual "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner

in an investigation, proceeding, or hearing *under this subchapter*." 42 U.S.C. § 2000e-3(a) (emphasis added).

65. Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC. is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended, and specifically of Section 704(a) of the Act, which specifically makes it unlawful to retaliate against employees who oppose or participate in statutorily protected activity.

66. The failure of Defendant to adhere to the mandates of the Act was willful, and its violations of the provisions of the Act were willful.

67. Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC., through its practices and policies as an employer, willfully and with malicious or reckless disregard for Plaintiff's federally protected rights, retaliated against Plaintiff CHRISTOPHER SILVA on account of Plaintiff's complaints of discrimination, harassment, and hostile work environment.

68. Plaintiff complained about the unlawful discrimination and harassment suffered at the hands of the Defendant's supervisor ROBERT L. PEER. Plaintiff complained and opposed the unlawful discriminatory conduct of this individual.

69. On or about June 6, 2022, Plaintiff CHRISTOPHER SILVA was constructively discharged by Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC., and Plaintiff's termination was directly and proximately caused by Defendant's unjustified discrimination and retaliation against Plaintiff because of his complaints and opposition to unlawful discrimination and harassment based on her Sex, in violation of Federal Law.

70. Moreover, Plaintiff's termination came just in temporal proximity to Plaintiff's participation in protected activity.

71. Plaintiff's protected activity resulted in adverse retaliatory actions that altered the terms, conditions, and privileges of Plaintiff's employment.

72. On or about June 6th, 2022, Plaintiff was forced to resign from his employment with Defendant because Defendant failed to take the necessary remedial measures to protect Plaintiff and provide Plaintiff with a safe work environment. Plaintiff could not continue working under those intolerable conditions.

73. Consequently, on or about June 6th, 2022, Plaintiff was constructively discharged because Defendants deliberately created unfair working conditions that any reasonable person could accept nor tolerate.

74. Plaintiff CHRISTOPHER SILVA was constructively discharged by Defendant, and the termination was directly and proximately caused by Plaintiff's complaints and opposition to unlawful discrimination.

75. Any alleged nondiscriminatory reason for terminating Plaintiff asserted by Defendant is a mere pretext for the actual reasons for termination, Plaintiff's complaints of discrimination and harassment.

76. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting a person from discrimination due to his Sex and retaliation due to his complaints of unlawful discrimination. Retaliation based on having engaged in a protected activity constitutes illegal retaliation.

77. As a result of the retaliation, Plaintiff CHRISTOPHER SILVA has incurred substantial monetary losses and has suffered physical injury, emotional distress, embarrassment, and humiliation.

78. At the time that Plaintiff opposed the discrimination and harassment of his supervisor, Plaintiff was terminated without good cause and in violation of the anti-retaliation provision of Title VII.

79. Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC.'s acts, through its agents, were done with malice and reckless disregard for Plaintiff's federally protected civil rights.

80. Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC. is subject to vicarious liability for the actions of its supervisors, employees and its own agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

81. Plaintiff has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>Prayer For Relief</u>

Wherefore, Plaintiff CHRISTOPHER SILVA respectfully requests that this Court order the following:

A. Grant a permanent injunction enjoining Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC., its officers, successors, assigns, and all persons in active concert or participation with it from engaging in any employment practice which constitutes unlawful retaliation for having engaged in protected activity, and;

B. Reinstate Plaintiff to the same position he held before the retaliatory personnel action or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff;

D.  Order Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC. to make Plaintiff whole by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest, and other remuneration for mental pain, anguish, pain, and humiliation due to the discrimination of Plaintiff and due to the retaliatory discharge;

E.  For a money judgment representing prejudgment interest;

F.  Award any other compensation allowed by law, including compensatory damages, punitive damages, and attorneys' fees and costs.

<u>Demand for a Jury Trial</u>

Plaintiff CHRISTOPHER SILVA demands a trial by jury on all issues triable as of right by a jury.

### COUNT III:
### VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER 760: DISCRIMINATION BASED ON SEX

82. Plaintiff CHRISTOPHER SILVA re-adopts every factual allegation as stated in paragraphs 1-46 and above as if set out in full herein.

83. At all times, material hereto, the Employer/Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC. failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10], which states,

"*It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race*, color, *religion, sex, national origin, age, handicap, or marital status.*"

84. The discrimination of Plaintiff CHRISTOPHER SILVA by Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC. was caused by Defendant being aware of Plaintiff's Sex.

85. Defendant's decision to discriminate against Plaintiff was because of Plaintiff's Sex.

86. At all relevant times aforementioned, including the time of discrimination, Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC. was aware that Plaintiff was a male.

87. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

88. Plaintiff was qualified for the position apart from his apparent Sex.

89. Plaintiff was discriminated against by Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC. because Plaintiff was a male.

90. Defendant is a sophisticated employer who has actual knowledge of the requirements of the Florida Civil Rights Act, Chapter 760.

91. The failure of Defendant to adhere to the mandates of the Act was willful, and its violations of the provisions of the Act were willful.

92. Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC., through its practices and policies as an employer, willfully and with malicious or reckless disregard for Plaintiff's State protected rights, discriminated against Plaintiff CHRISTOPHER SILVA on account of his Sex, in violation of the Act, with respect to its decision to treat Plaintiff different from other employees.

93.  Plaintiff CHRISTOPHER SILVA was wrongfully terminated by Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC., and Plaintiff's termination from employment was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because of Plaintiff's Sex.

94. As a direct and proximate result of Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental anguish, humiliation, pain, and suffering.

95. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reasons for the termination from employment, Plaintiff's Sex, and complaints related to the unlawful acts of discrimination and harassment.

96. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting a person from discrimination due to Sex.

97. Discrimination based on Sex constitutes unlawful discrimination in violation of the Florida Civil Rights Act, Chapter 760.

98. Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC. is subject to vicarious liability for the actions of its supervisors, employees and its own agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

99. Plaintiff has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>Prayer For Relief</u>

WHEREFORE, Plaintiff CHRISTOPHER SILVA respectfully requests that this Court order the following:

A. Grant a permanent injunction enjoining Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC., its officers, successors, assigns, and all persons in active concert or participation with it from engaging in any employment practice which discriminates based on Sex;

B. Reinstate Plaintiff CHRISTOPHER SILVA to the same position held before the retaliatory personnel action or to an equivalent position;

C.  Reinstate full fringe benefits and seniority rights to Plaintiff;

D.  Order Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC. to make Plaintiff CHRISTOPHER SILVA whole by compensating Plaintiff for lost wages and benefits, including front pay, back pay with prejudgment interest, and other remuneration for mental pain, anguish, pain, and humiliation;

E.  For a money judgment representing prejudgment interest;

F.  Award any other compensation allowed by law, including punitive damages, Attorney's fees (448.104), and further demands a trial by jury on all issues so triable.

<u>Demand for a Jury Trial</u>

Plaintiff CHRISTOPHER SILVA demands a trial by jury on all issues triable as of right by a jury.

**COUNT IV:**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT,**
**CHAPTER 760, FLORIDA STATUTES;   RETALIATION**

100.   Plaintiff CHRISTOPHER SILVA re-adopts every factual allegation stated in paragraphs 1-46 of this Complaint as if set out in full herein.

101.   This is an action against Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC. for unlawful retaliation under the Florida Civil Rights Act, Chapter 760, Fl Statutes (FCRA).

102.   The FCRA contains an anti-retaliation provision forbidding employers from retaliating or from taking adverse personnel action against those employees who exercise their lawful and protected rights under the Act.

103.   The FCRA, *Fla. Stat. Section 760.10,* (7) reads in applicable part as follows:

*"It is an unlawful employment practice for an employer, an employment agency, a joint labor management committee, or a labor organization to discriminate against any person because*

*that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section."*

104.     Plaintiff is a member of a protected class under Title VII and the Florida Civil Rights Act because of his Sex and because of his participation in protected activities within the meaning of the Florida Civil Rights Act.

105.     While working for Defendant SANITAS, Plaintiff was subjected to discrimination and harassment based on Sex.

106.     Plaintiff reasonably engaged in protected activity by complaining about the unlawful discrimination with her own employer, FLORIDA EYE MICROSURGICAL INSTITUTE, INC.

107.     Plaintiff complained and opposed the unlawful discrimination and harassment suffered at the hands of the Defendant's supervisor, ROBERT L. PEER. Plaintiff opposed the unlawful discriminatory conduct of this individual.

108.     On or about June 6th, 2022, Plaintiff was forced to resign from his employment with Defendant because Defendant failed to take the necessary remedial measures to protect Plaintiff and provide Plaintiff with a safe work environment. Plaintiff could not continue working under those intolerable conditions.

109.     Consequently, on or about June 6th, 2022, Plaintiff was constructively discharged because Defendants deliberately created unfair working conditions that any reasonable person could accept nor tolerate.

110.     On or about June 6th, 2022, Plaintiff CHRISTOPHER SILVA was constructively discharged by Defendant, and Plaintiff's termination was directly and proximately caused by Defendant's unjustified discrimination and retaliation against Plaintiff because of his

complaints and opposition to unlawful discrimination and harassment based on his Sex, in violation of State Law.

111.   At the time that Plaintiff opposed the discrimination and harassment of his superior, Plaintiff was constructively discharged without good cause and in violation of the anti-retaliation provision of the FCRA, *Fla. Stat. Section 760.10,* (7)

112.   Moreover, Plaintiff's constructive discharge came just in temporal proximity to Plaintiff's participation in protected activity.

113.   Plaintiff's protected activity resulted in adverse retaliatory actions that altered the terms, conditions, and privileges of Plaintiff's employment.

114.   Any alleged nondiscriminatory reason for terminating Plaintiff asserted by Defendant is a mere pretext for the actual reasons for termination, Plaintiff's complaints of discrimination and harassment based on his Sex.

115.   Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting a person from discrimination due to their Sex and retaliation due to his complaints of unlawful discrimination. Retaliation based on having engaged in a protected activity constitutes unlawful retaliation.

116.   As a result of the retaliation, Plaintiff CHRISTOPHER SILVA has incurred substantial monetary losses and has suffered emotional distress, embarrassment, and humiliation.

117.   Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC.'s acts, through its agents, were done with malice and reckless disregard for Plaintiff's federally protected civil rights.

118.   Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC. is subject to vicarious liability for the actions of its patients, employees and its own agents because it failed to take

adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

119.    Plaintiff has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay reasonable attorneys' fees and costs.

Prayer For Relief

Wherefore, Plaintiff CHRISTOPHER SILVA respectfully requests that this Court order the following;

A.  Grant a permanent injunction enjoining Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC., its officers, successors, assigns, and all persons in active concert or participation with it from engaging in further discriminatory and retaliatory practice in violation of The FCRA, Fla. Stat. Section 760.10, (7);

B.  Award Plaintiff CHRISTOPHER SILVA a judgment against Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC. for compensatory damages as determined by the Trier of fact;

C.  Award Plaintiff restitutionary damages including back pay, front pay, liquidated damages, any "Employee Welfare Benefits," and retirement benefits for the time Plaintiff should have worked absent Defendant's discriminatory treatment;

D.  Enter Judgment for Punitive damages against Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC.;

E.  Award all reasonable Attorney's fees and costs incurred in connection with this action; and any other and further relief as justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff CHRISTOPHER SILVA demands a trial by jury on all issues triable as of right by a jury.

**<u>COUNT V:</u>**
**<u>"ASSAULT" AGAINST DEFENDANT ROBERT L. PEER</u>**

120.   Plaintiff re-adopts every factual allegation as stated in paragraphs 1-46 of this Complaint as if set out in full herein.

121.   This action arises under the laws of the United States.

122.   At all times material hereto, Plaintiff CHRISTOPHER SILVA was employed by FLORIDA EYE MICROSURGICAL INSTITUTE, INC.

123.   At all times material hereto, individual Defendant ROBERT L. PEER was employed by FLORIDA EYE MICROSURGICAL INSTITUTE, INC. as a supervisor.

124.   At all times relevant hereto, Plaintiff CHRISTOPHER SILVA and Defendant ROBERT L. PEER were both employees of Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC. and worked at the same facility.

125.   Defendant ROBERT L. PEER assaulted Plaintiff.

126.   On May 17, 2022, while Plaintiff was at the workplace, Defendant ROBERT L. PEER raped Plaintiff.

127.   Said attack, and unlawful conduct by Defendant ROBERT L. PEER directed towards Plaintiff were carried out under such circumstances so as to cause Plaintiff emotional distress and/or create a well-founded fear of imminent peril.

128.   Defendant ROBERT L. PEER intended to cause and did cause Plaintiff to suffer apprehension of immediate harmful contact.

129.    As a direct and proximate result of Defendant ROBERT L. PEER'S intentional and reckless

behavior, as referenced above, Plaintiff CHRISTOPHER SILVA has suffered bodily injury

and severe emotional distress. Moreover, Plaintiff was physically and psychologically harmed,

humiliated, threatened, and unlawfully terminated.

### Prayer For Relief

Wherefore, Plaintiff CHRISTOPHER SILVA respectfully demands judgment against

Defendant ROBERT L. PEER for damages for past and future lost earnings, compensatory

damages, punitive damages, court costs, Attorney's fees pursuant to Fla. Stat. § 57.105 and for any

and all other relief that this Court may deem and proper.

### Demand for a Jury Trial

Plaintiff CHRISTOPHER SILVA demands a trial by a jury of all issues triable as a right

by a jury.

### COUNT VI:
### BATTERY AGAINST DEFENDANT ROBERT L. PEER

130.    Plaintiff CHRISTOPHER SILVA re-states and re-alleges paragraphs 1–46 as if set forth

in full herein.

131.    This action arises under the laws of the United States.

132.    At all times material hereto, Plaintiff CHRISTOPHER SILVA was employed by Defendant

FLORIDA EYE MICROSURGICAL INSTITUTE, INC.

133.    At all times material hereto, Defendant ROBERT L. PEER was employed by Defendant

FLORIDA EYE MICROSURGICAL INSTITUTE, INC. as a supervisor.

134.    At all times relevant hereto, Plaintiff CHRISTOPHER SILVA and Defendant ROBERT L.

PEER were both employees of Defendant FLORIDA EYE MICROSURGICAL INSTITUTE,

INC. and worked at the same facility.

135.   On May 17, 2022, while Plaintiff was at the workplace, Defendant ROBERT L. PEER raped Plaintiff.

136.   Defendant ROBERT L. PEER intended to cause and did cause Plaintiff harmful contact with his person.

137.   Defendant ROBERT L. PEER deliberately intended to injure Plaintiff. Defendant ROBERT L. PEER engaged in conduct that he knew virtually certain to result in injury or serious bodily harm to Plaintiff.

138.   Plaintiff CHRISTOPHER SILVA did not consent to Defendant ROBERT L. PEER's acts.

139.   As a direct and proximate result of Defendant ROBERT L. PEER's intentional and reckless behavior as referenced above, Plaintiff CHRISTOPHER SILVA has been caused to suffer bodily injury and severe emotional distress. Moreover, Plaintiff was physically and psychologically harmed, humiliated, threatened, and unlawfully terminated.

140.   Defendant ROBERT L. PEER'S acts were done knowingly, willfully, and with malicious intent, and Plaintiff is entitled to punitive damages.

<u>Prayer For Relief</u>

Wherefore, Plaintiff CHRISTOPHER SILVA demands judgment against Defendant ROBERT L. PEER, for damages, for past and future lost earnings, compensatory damages, punitive damages, court costs, Attorney's fees pursuant to Fla. Stat. § 57.105 and for any other relief that this Court may deem just and proper.

<u>Demand for a Jury Trial</u>

Plaintiff CHRISTOPHER SILVA demands a trial by a jury of all issues triable as a right by a jury.

**COUNT VII:**
**ASSAULT & BATTERY AGAINST  DEFENDANT**
**FLORIDA EYE MICROSURGICAL INSTITUTE, INC.**

141.     Plaintiff CRISTOBAL MILLAN re-states and re-alleges paragraphs 1-46 as if set forth in

full herein.

142.     At all times material hereto, Plaintiff CHRISTOPHER SILVA was employed by Defendant

FLORIDA EYE MICROSURGICAL INSTITUTE, INC.

143.     At all times, Defendant ROBERT L. PEER was employed by Defendant FLORIDA EYE

MICROSURGICAL INSTITUTE, INC. as a supervisor.

144.     At all times relevant hereto, Plaintiff CHRISTOPHER SILVA  and Defendant ROBERT

L.  PEER  were  both  employees  of  Defendant  FLORIDA  EYE  MICROSURGICAL

INSTITUTE, INC. and worked at the same facility.

145.     Defendant, FLORIDA EYE MICROSURGICAL INSTITUTE, INC.'S employee/agent,

ROBERT L. PEER, while acting within the scope of his employment, intended to cause and

did cause Plaintiff CHRISTOPHER SILVA, harmful and offensive contact with his person.

Defendant ROBERT L. PEER raped Plaintiff CHRISTOPHER SILVA in one of the facility's

bathrooms.   Plaintiff CHRISTOPHER SILVA did not consent to Defendant ROBERT L.

PEER's acts.

146.     Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC. is jointly liable for the

damages caused by its employee ROBERT L. PEER for Defendant's failure to address or

otherwise prevent ROBERT L. PEER from threatening or carrying out the harm perpetrated

upon Plaintiff.

147.     Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC. is subject to vicarious

liability because the attack on Plaintiff CHRISTOPHER SILVA happened during and within

the course and scope of ROBERT L. PEER's employment with Defendant FLORIDA EYE

MICROSURGICAL INSTITUTE, INC.

148.     That as a direct and proximate result of Defendant FLORIDA EYE MICROSURGICAL

INSTITUTE, INC.'s intentional and reckless behavior as referenced above, Plaintiff

CHRISTOPHER SILVA has been caused to suffer bodily injury and severe emotional distress.

Moreover, Plaintiff was physically and psychologically harmed, humiliated, threatened, and

unlawfully terminated.

149.     Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC.'S acts were done

knowingly, willfully, and with malicious intent, and Plaintiff is entitled to punitive damages.

### Prayer For Relief

Wherefore, Plaintiff CHRISTOPHER SILVA demands judgment against Defendant

FLORIDA EYE MICROSURGICAL INSTITUTE, INC. for damages, past and future lost

earnings, compensatory damages, punitive damages, court costs, Attorney's fees pursuant to Fla.

Stat. § 57.105 and for any and all other relief that this Court may deem and proper.

### Demand for a Jury Trial

Plaintiff CHRISTOPHER SILVA demands a trial by a jury of all issues triable as a right

by a jury.

**COUNT VIII:**
**INTENTIONAL INFLICTION**
**OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS**

150.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-46 of this

complaint as if set out in full herein.

151.     This is an action against Defendants FLORIDA EYE MICROSURGICAL INSTITUTE,

INC. and ROBERT L. PEER for intentional infliction of emotional distress,

152.   DEFENDANT FLORIDA EYE MICROSURGICAL INSTITUTE, INC. had a duty to protect its employees from any form of discrimination, harassment, retaliation, and other harm.

153.   DEFENDANT's employee and supervisor, ROBERT L. PEER, intentionally and deliberately inflicted mental and emotional distress on Plaintiff by and through but not limited to the following acts and omissions:

a.   By groping Plaintiff's genitals.

b.   By raping Plaintiff.

c.   By creating a hostile work environment which affected terms, conditions and privilege of his employment.

d.   By allowing Plaintiff's attacker to remain working as Plaintiff's supervisor.

c.   By unfairly suspending Plaintiff without pay "pending an investigation."

d.   By wrongfully terminating Plaintiff's employment in a discriminatory manner and in retaliation for Plaintiff's complaints.

154.   Agent of DEFENDANT acted intentionally and/or recklessly in a manner calculated to inflict severe emotional distress upon Plaintiff.

155.   The conduct of DEFENDANTS was outrageous.

156.   The facts and circumstances surrounding Defendants' actions, if recited to an average member of the community, would arouse that person's resentment against DEFENDANTS, and would lead him/her to exclaim that such conduct and actions were outrageous.

157.   As a direct and proximate result of employee of DEFENDANT, ROBERT L. PEER's actions, Plaintiff suffered severe emotional distress, and damages.

158.   Plaintiff has no plain, adequate, or complete remedy at law.  He is suffering, and will continue to suffer, irreparable injury in the form of psychiatric and psychological harm,

extreme emotional distress, emotional pain, mental anguish, depression, insomnia, high blood pressure, general physical illness, and humiliation, loss of dignity, loss of enjoyment of life, past and future medical expenses, loss of her entire career, loss of past and future wages and an inability to earn wages in the future. These losses are continuing and will continue in the future.

WHEREFORE, Plaintiff respectfully requests this Court:

A. Award Plaintiff judgment against Defendants FLORIDA EYE MICROSURGICAL INSTITUTE, INC. and ROBERT L. PEER for compensatory damages as determined by the trier of fact.

B. Award Plaintiff Restitutionary damages including back pay, front pay, liquidated damages, loss of "Employee Welfare Benefits" and retirement benefits for the time Plaintiff should have worked absent DEFENDANTS' discriminatory treatment.

C. Enter Judgment for Punitive damages against Defendants FLORIDA EYE MICROSURGICAL INSTITUTE, INC. and ROBERT L. PEER.

D. Award all reasonable Attorney's fees and costs incurred in connection with this action; and any other and further relief as justice may require.

PLAINTIFF demands jury trial by Jury as to all issues of fact herein.

## COUNT IX:
## NEGLIGENT HIRING, RETENTION AND TRAINING AGAISNT DEFENDANT FLORIDA EYE MICROSURGICAL INSTITUTE, INC.

159. This is an action against Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC. for negligent hiring, retention, and training.

160. DEFENDANT's employee ROBERT L. PEER raped Plaintiff.

161. Plaintiff rejected this unlawful behavior.

162.    As a result of his complaints, Plaintiff suffered retaliatory actions.

163.    Plaintiff was forced to endure a continued, unrelenting, abusive and disparate treatment at the hands of an individual with the ability to hire, fire, promote, and discipline him, and was eventually constructively discharged in retaliation to his complaints.

164.    Agent of DEFENDANT, ROBERT L. PEER, acted intentionally and/or recklessly in a manner calculated to inflict severe emotional distress upon Plaintiff as well as serious bodily harm.

165.    DEFENDANT FLORIDA EYE MICROSURGICAL INSTITUTE, INC. owed Plaintiff a duty of care to prevent and prohibit the unlawful, hostile, intimidating, offensive and demeaning work environment caused by its employees, such as the individually named employee and agent of the DEFENDANT, identified herein as ROBERT L. PEER.

166.    This duty of care further includes the prohibition and elimination of harassment, discrimination, and retaliation in Plaintiff's work environment.

167.    This duty also includes the proper investigation and background checks on employees, and training of employees with respect to gender based policies and practices acceptable in the workplace.

168.    DEFENDANT FLORIDA EYE MICROSURGICAL INSTITUTE, INC. breached its duty by failing to take further action, such as full investigations, discharge, or reassignments.

169.    Moreover, DEFENDANT failed to have any adequate system for the investigation of discrimination and sexual assault complaints by employees such as Plaintiff and said complaints went unanswered and were not properly handled.

170.     In short, DEFENDANT FLORIDA EYE MICROSURGICAL INSTITUTE, INC. stood by and watched the known abusive practices complained of herein to continue and failed to do anything about it.

171.     In spite of actual or constructive knowledge of the events complained of herein, DEFENDANT FLORIDA EYE MICROSURGICAL INSTITUTE, INC. continued to retain the person(s) perpetuating the hostile and offensive work environment, failed to investigate, failed to take action on complaints that were made, and failed to provide any remedial assistance to Plaintiff whatsoever.

172.     As a direct and proximate result of Defendant's negligence, Plaintiff has suffered extreme emotional distress, mental pain and suffering, past and future pecuniary losses, mental anguish, loss of capacity for the enjoyment of life, embarrassment, humiliation, back pay, and loss of capacity to earn income. These losses are continuing and will occur in the future.

173.     Plaintiff has no plain, adequate, or complete remedy at law.  He is suffering, and will continue to suffer, irreparable injury in the form of psychiatric and psychological harm, extreme emotional distress, emotional pain, mental anguish and humiliation, loss of dignity, loss of enjoyment of life, past and future medical expenses, loss of his entire career, loss of past and future wages and an inability to earn wages in the future. These losses are continuing and will continue in the future.

     WHEREFORE, Plaintiff respectfully requests this Court:

A. Grant a permanent injunction enjoining Defendant FLORIDA EYE MICROSURGICAL INSTITUTE, INC., its officers, successors, assigns and all persons in active concert or participation with it, from engaging in further discriminatory practice in violation of the law.

B. Award Plaintiff judgment against the DEFENDANT FLORIDA EYE MICROSURGICAL INSTITUTE, INC. for compensatory damages as determined by the trier of fact.

C. Award Plaintiff Restitutionary damages including back pay, front pay, liquidated damages, loss of "Employee Welfare Benefits" and retirement benefits for the time Plaintiff should have worked absent DEFENDANTS's unlawful treatment.

D. Enter Judgment for Punitive damages against FLORIDA EYE MICROSURGICAL INSTITUTE, INC.

E. Award all reasonable Attorney's fees and costs incurred in connection with this action; and any other and further relief as justice may require.

PLAINTIFF demands jury trial by Jury as to all issues of fact herein.

Date: July 25th, 2024

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500, Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
**zep@thepalmalawgroup.com**
*Attorney for Plaintiff*